Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. MANFRED, an individual, | Case No.: '14CV1138 JAH KSC |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| CAVALRY SPV I, LLC, a limited liability company; WINN LAW GROUP, a professional corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//

## II. JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under the FDCPA and 28 U.S.C. §1331. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3) Plaintiff MARK A. MANFRED (hereinafter "Plaintiff") is a natural person residing in the County of San Diego, State of California.

4) Defendant CAVALRY SPV I, LLC (hereinafter "CAVALRY") at all times relevant was a corporation doing business in the County of San Diego, State of California, and operating from an address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

5) Defendant WINN LAW GROUP (hereinafter "WINN") at all times relevant was a corporation doing business in the County of San Diego, State of California, and operating from an address at 110 E. Wilshire Avenue, Suite 212, Fullerton, CA 92832.

6) Defendants CAVALRY and WINN (hereinafter "Defendants") are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8) Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9) The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

### IV. FACTUAL ALLEGATIONS

10) The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

11) At a time unknown, Bank of America sought payment from Plaintiff for an alleged debt claimed belonged to Plaintiff ("the Account").

12) Plaintiff paid the Account in full and nothing further was owed on the Account.

13) Sometime thereafter, CAVALRY obtained information regarding the Account.

14) In or around the Spring of 2013, Plaintiff contacted CAVALRY and told a CAVALRY representative that the Account was settled.

15) CAVALRY ignored Plaintiff's claims and continued to collect on the Account.

16) On or around November 15, 2013, WINN contacted Plaintiff on behalf of CAVALRY and demanded payment on the Account.

17) On or around December 20, 2013, WINN sent Plaintiff a letter stating that it intended to enforce its client CAVALRY's claim through "applicable legal proceedings" to obtain payment on the Account.

18) Thereafter, Plaintiff immediately contacted WINN to inform it that he satisfied the Account.

19) Plaintiff called and faxed WINN numerous times with documents showing the alleged Account was satisfied.

19) Despite Plaintiff's assertion that the there was nothing owing on the Account, WINN ignored Plaintiff and told Plaintiff he still owed on the Account.

20) WINN also began a campaign of calls to Plaintiff demanding payment on the Account starting sometime around November 2013.

21) Although Plaintiff owed nothing on the Account, CAVALRY submitted false

information on Plaintiff's credit reports.

22) The false information indicated that Plaintiff still owed on the Account.

23) Because of the false information Defendants submitted, Plaintiff was denied in financial transaction.

24) Despite not owing anything further, Plaintiff desired to resolve the situation to improve his credit.

25) On or around January 2014, Plaintiff again faxed documents to WINN approximately four (4) consecutive times showing that Plaintiff paid the Account in full.

26) Although Plaintiff did not owe on the Account and despite Plaintiff's repeated protests that the Account was paid in full, Defendants filed a lawsuit against Plaintiff concerning the Account.

27) As a result of Defendants' actions, Plaintiff suffered emotional distress and damage to his credit worthiness.

## V.  FIRST CLAIM FOR RELIEF

### (For Violation of the Fair Debt Collection Practices Act)

28) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29) Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

    (b)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (c)    The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (d)    CAVALRY violated 15 U.S.C. § 1692e(8) by communicating or

threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(f) The Defendant violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(g) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

31) As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;
(b) Statutory damages pursuant to 15 U.S.C. §1692k;
(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;
(d) Punitive damages; and
(e) For such other and further relief as the Court may deem just and proper.

Date: May 6, 2014                               ___s/ Jeremy S. Golden_____
                                                Jeremy S. Golden
                                                Attorney for Plaintiff

//

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 6, 2014                                     s/ Jeremy S. Golden
                                                    Jeremy S. Golden
                                                    Attorney for Plaintiff